# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,   )
   )
      Plaintiff,   )
   )
     v.   )     No. 4:15CV1754 JCH
   )
TWO OF A KIND 2, LLC, and JESSE C.   )
WASHINGTON,
   )
      Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment, filed September 1, 2016. (ECF No. 14). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff J & J Sports Productions, Inc. owned the nationwide television distribution rights to "*Manny Pacquiao v. Timothy Bradley II, WBO Welterweight Championship*", a telecast which took place on April 12, 2014. (Compl., ¶ 9).[1] Plaintiff sold the right to exhibit the Program publically to various commercial establishments, including hotels, racetracks, casinos, bars, taverns, restaurants, and social clubs. (*Id.*, ¶ 10). According to Plaintiff, Defendants Two of a Kind 2, LLC, and Jesse C. Washington ("Washington") illegally intercepted the Program, and showed it to patrons at the Two Of A Kind 2 bar located at 6029 Natural Bridge Avenue, St. Louis, MO, 63120. (*Id.*, ¶¶ 6, 12).

With respect to Washington Plaintiff alleges, upon information and belief, that he "is/was

---

[1] Plaintiff's rights included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter collectively referred to as the "Program." (Compl., ¶ 9).

[the] owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or individual with dominion, oversight and management of the commercial establishment doing business as Two Of A Kind 2 Lounge." (Compl., ¶ 7). Defendants counter with a sworn declaration from Washington, in which he attests that while he owned the property located at 6029 Natural Bridge Avenue, at all relevant times the property was leased to Mr. John Nails ("Nails"), the sole operator and manager of the Two Of A Kind 2 bar.[2] (Defendants' Motion for Summary Judgment, att. Exh. D, ¶¶ 3, 4). Washington further states that he had no involvement with or knowledge of the Program referenced in Plaintiff's Complaint, and that neither he nor anyone acting on his behalf was present at the Two Of A Kind 2 bar on April 12, 2014. (*Id.*, ¶¶ 5, 9). Plaintiff has not presented any facts to contradict Washington's assertions, but has presented evidence tending to confirm that he was the owner of the premises, and the sole owner of the corporate Defendant, Two Of A Kind 2, LLC. (Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Opp."), P. 4 and att. Exh. C).

Plaintiff filed the instant Complaint on November 25, 2015, asserting claims for violation of the Unauthorized Reception of Cable Services statute, 47 U.S.C. § 553[3] (Count I), violation of the Unauthorized Publication or Use of Communications statute, 47 U.S.C. § 605[4] (Count II),

---

[2] Defendants attach a copy of the commercial lease in effect on April 12, 2014, between Washington as landlord and Nails as tenant. (Defendants' Motion for Summary Judgment, att. Exh. A).

[3] This statute prohibits the unauthorized receipt of programming from a cable service provider, and provides for statutory damages of not less than $250 or more than $10,000. *See* 47 U.S.C. §§ 553(a)(1), (c)(3)(A)(ii). The statutory damages may be increased to as much as $50,000 if the violation was committed willfully and for the purpose of commercial advantage. (*Id.* at § 553(c)(3)(B)).

[4] This statute prohibits (among other things) the interception of video programming from a satellite that is primarily intended for the direct receipt by cable operators to send out over their cable network, and provides for statutory damages of not less than $1000 or more than $10,000. *See* 47 U.S.C. §§ 605(a), (e)(3)(C)(i)(II). The statutory damages may be increased to as much as

and state law conversion (Count III).  (*Id.*, ¶¶ 8-25).  The Counts are all directed at the actions of "Defendants", collectively.

As stated above, Defendants filed the instant Motion for Summary Judgment on September 1, 2016, claiming (1) that Washington may not be held individually liable, and (2) that Two Of A Kind 2, LLC may not be held liable because there exists no evidence of unlawful interception of a radio or cable transmission.  (ECF No. 14).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The substantive law determines which facts are critical and which are irrelevant.  Only disputes over facts that might affect the outcome will properly preclude summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247.  The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

---

$100,000 if the violation was committed willfully and for the purpose of commercial advantage. (*Id.* at § 605(e)(3)(C)(ii)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id*. at 249.

## DISCUSSION

### I. Individual Liability For Washington

As noted above, Counts I and II of Plaintiff's Complaint allege that Washington is liable under 47 U.S.C. § 605, and 47 U.S.C. § 553, both of which prohibit cable piracy. Counts I and II do not distinguish between Washington's alleged actions and those of Two Of A Kind 2, LLC. (*See* Complaint, ¶¶ 12-16, 18-21 (making allegations only against the "Defendants")). The Complaint thus appears to allege that Washington is liable both for his own actions and for Two Of A Kind 2, LLC's actions.

To determine whether an individual can be held liable under §§ 553(a)(1) and 605(a) for the actions of a corporation, the Eighth Circuit uses a "no distinction" standard. *See Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938, 947 (8th Cir. 2007). Under that test, to warrant individual liability "a plaintiff must show that there exists 'no distinction' between the individual's actions and that of his corporation." *Joe Hand Promotions, Inc. v. Sharp*, 885 F.Supp.2d 953, 956 (D. Minn. 2012) (citing *Comcast*, 491 F.3d at 947).

Upon consideration, the Court finds insufficient evidence in the record to support the allegation that Washington is liable for violating the above-cited sections. In other words, Plaintiff has not attempted to show that "no distinction" exists between Washington's actions and those of his company, nor has it produced a single fact to support the theory that Washington played a part in the alleged illegal broadcast of the Program. There thus exists no genuine issue

for trial as to whether Washington himself violated either § 553(a)(1) or § 605(a).  *See J & J Sports Productions, Inc. v. Mario, LLC*, 2014 WL 5783012, at *3 (E.D. Mo. Nov. 6, 2014).

Nor has Plaintiff presented sufficient evidence that Washington can be held liable under those sections for Two Of A Kind 2, LLC's actions.  While Plaintiff has pointed to evidence that Washington was the owner of the premises, and the sole owner of the corporate Defendant (*see* Plaintiff's Opp., P. 4 and att. Exh. C), nothing in the record suggests that Washington knew about the alleged illegal broadcast of the Program, or had any other knowledge of the day-to-day activities at Two Of A Kind 2 bar.  To the contrary, Defendants present evidence that while Washington owned the property located at 6029 Natural Bridge Avenue, on the night in question the property was leased to Nails, the sole operator and manager of the Two Of A Kind 2 bar. (Defendants' Motion for Summary Judgment, att. Exh. D, ¶¶ 3, 4).[5]  *Cf. Comcast*, 491 F.3d at 947 (finding a sole owner liable for the illegal acts of his corporation where "[h]is deposition testimony demonstrate[d] that he knew of the uses and features of the cable boxes Multivision sold, was intimately familiar with how cable services function, and was involved in setting company policy").  The facts adduced by Plaintiff therefore create no genuine issue for trial, and Washington is entitled to summary judgment on Counts I and II.[6]

## II.      Liability For Two Of A Kind 2, LLC

Defendants next assert Two Of A Kind 2, LLC, may not be held liable under 47 U.S.C. §§ 605 or 553, because there exists no evidence of unlawful interception of a radio or cable

---

[5] As noted above, Defendants further present evidence that Washington had no involvement with or knowledge of the Program referenced in Plaintiff's Complaint, and that neither he nor anyone acting on his behalf was present at the Two Of A Kind 2 bar on April 12, 2014.  (Defendants' Motion for Summary Judgment, att. Exh. D, ¶¶ 5, 9).
[6] Plaintiff has produced no evidence or legal argument that Washington should be individually liable for conversion, and so he is entitled to summary judgment on Count III as well.  *See J & J Sports Production, Inc. v. Mario, LLC*, 2014 WL 5783012, at *3.

transmission.  (Defendants' Motion for Summary Judgment, PP. 5-6).  Defendants do not affirmatively disclaim such interception; instead, they maintain Plaintiff has failed to meet its burden of proving the elements of its case.

In response, Plaintiff submits the affidavit of its president, Joseph M. Gagliardi ("Gagliardi"), who testified that Plaintiff purchased and retained the commercial exhibition licensing rights to the Program, and thereafter sublicensed those rights to its commercial customers.  (Plaintiff's Opp., att. Exh. B, ¶ 3).  Gagliardi further testified that domestic commercial establishments were required to pay Plaintiff a commercial sublicense fee to broadcast the Program, and that at no time did Defendants' establishment, Two Of A Kind 2 bar, lawfully license the Program from Plaintiff.  (*Id.*, ¶¶ 7, 8, 13).  Finally, Gagliardi testified that to the best of his knowledge, Plaintiff's programming "cannot be mistakenly, innocently or accidentally intercepted." (*Id.*, ¶ 9).

Plaintiff also submits the sworn affidavit of its private investigator, Cherie Hyman, who testified that on the evening of April 12, 2014, the night the Program was telecast, she entered Two Of A Kind 2 bar and observed both commentary and a portion of the fight between Jose Felix, Jr. and Bryan Vasquez being displayed on two televisions.  (Plaintiff's Opp., att. Exh. A, P. 1).  Gagliardi confirmed that said fight was one of the Program's televised under-card bouts. (Plaintiff's Opp., att. Exh. B, ¶ 7).

Based on the foregoing, the Court finds that for purposes of 47 U.S.C. § 605, "Plaintiff has met its initial burden of showing that (1) Defendant did not obtain a license from Plaintiff to receive the signal for *the Program* at [Two Of A Kind 2 bar], (2) *the Program* was unlawfully received and exhibited at [Two Of A Kind 2 bar] on [April 12, 2014] and (3) Plaintiff is a 'person aggrieved' under section 605."  *J & J Sports Productions, Inc. v. Morales*, 2011 WL

6749080, at *3 (E.D. Cal. Dec. 22, 2011).  Likewise, with respect to 47 U.S.C. § 553, the Court

finds "Plaintiff has met its initial burden of showing that (1) Defendant received *the Program* at

[Two Of A Kind 2 bar] on [April 12, 2014], (2) *the Program* was offered over a cable system

and (3) Defendant was not specifically authorized to receive *the Program* by law and (4)

Plaintiff is a 'person aggrieved' under section 553." *Id.*[7]  This portion of Defendants' Motion for

Summary Judgment will therefore be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No.

14) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.


Dated this 16th Day of November, 2016.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[7] In their reply, Defendants assert Plaintiff failed to rebut Defendants' argument that a defendant's receipt and broadcast of a program from an authorized cable operator does not violate the statutes.  (Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, P. 5).  While this may be true, Defendants offer no evidence to show Defendant Two Of A Kind 2, LLC lawfully ordered the programming through authorized cable operators, and so the Court finds a fact question remains as to whether said Defendant may be held liable for violating the statutes.